UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ALKA A. PITTMAN | CIVIL ACTION |
| VERSUS | No. 22-2242 |
| 22ND JUDICIAL DISTRICT COURT ST. TAMMANY PARISH, ET AL. | SECTION I |

### ORDER & REASONS

Before the Court is a motion[1] by defendant 22nd Judicial District Court ("22nd JDC"), to dismiss *pro se* plaintiff Alka A. Pittman's ("Pittman") claims against it. For the reasons that follow, the Court grants the motion. Because the Court concludes that it lacks subject matter jurisdiction over this matter, the Court also dismisses Pittman's claims against the Louisiana Department of Revenue Office of Child Support.

### I. FACTUAL BACKGROUND

Pittman's complaint requests an injunction against the 22nd JDC and the Louisiana Department of Revenue Office of Child Support.[2] Pittman alleges that on June 20, 2020, Judge Mary C. Devereux held a child support hearing regarding Pittman's children via a Zoom videoconference.[3] Pittman alleges that, during that hearing, Judge Devereux "made a whimsical, groundless, [and] vindictive decision" to remove Pittman's children from her custody, and violated Pittman's rights to

---

[1] R. Doc. No. 11.
[2] The Louisiana Department of Revenue Office of Child Support has not been served. *See* R. Doc. No. 7.
[3] R. Doc. No. 1, at 2–3.

advocate for her children by muting Pittman during the hearing and falsely asserting that Pittman "appeared for the ZOOM but left without explanation."[4] Pittman alleges that her children were removed from her custody the same day, and that the State of Louisiana "has a lien on [her] to extort child support payments."[5] Pittman further alleges that on June 2, 2022, the 22nd JDC "sent law enforcement . . . to harass and terrorize me for court costs" in retaliation for her "criminal complaint" against another Louisiana judge.[6] The complaint states that Pittman is of Indigenous American descent and suggests that the state court's alleged actions constitute genocide by interfering with Pittman's "family[ ] continuity."[7]

Pittman states that she has "outlined [her] claims . . . in numerous OBJECTIONS filed at 22nd Judicial court," but those objections have apparently gone unaddressed.[8] Pittman requests an order restraining defendants "from continuing acts of GENOCIDE against [her] family's continuity and invading [her] lawful and legal rights as a mother/parent" and "injunctive relief to vacate the court[']s judgments [and] a Stay Away order put in place since the court refuses to accept [her] filings without impeding [her] due process."[9]

---

[4] *Id.* at 2.
[5] *Id.*
[6] *Id.* The relation of this claim to Pittman's other claims in this action is unclear.
[7] *Id.* at 1.
[8] *Id.* at 2.
[9] *Id.* at 1, 2.

2

Pittman previously raised similar claims, based on the same factual allegations, in another case before this Court.[10] That case was dismissed for lack of subject matter jurisdiction.[11]

The 22nd JDC requests that the claims against it be dismissed for several reasons: the 22nd JDC lacks the procedural capacity to be sued, Pittman's claims are barred by the Eleventh Amendment, Pittman's claims pursuant to 42 U.S.C. § 1983 are barred because they are not brought against a person, Pittman's claims are barred by the *Rooker-Feldman* doctrine, and Pittman's claims are barred by the *Younger* abstention doctrine.

## II. STANDARD OF LAW

### a. Dismissal for Lack of Jurisdiction

"Federal courts are courts of limited jurisdiction; without jurisdiction conferred by statute, they lack the power to adjudicate claims." *In re FEMA Trailer Formaldehyde Prod. Liab. Litig.*, 668 F.3d 281, 286 (5th Cir. 2012). Pursuant to Federal Rule of Civil Procedure 12(b)(1), "a claim is 'properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate' the claim." *Id.* (citation omitted). Courts are to consider a Rule 12(b)(1) jurisdictional argument before addressing any other arguments on the merits. *Id.* (citing *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001)).

---

[10] E.D. La. Case No. 21-1786.
[11] E.D. La. Case No. 21-1786, R. Doc. No. 44.

When ruling on a Rule 12(b)(1) motion, a court may dismiss an action for lack of subject matter jurisdiction "on any one of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Spotts v. United States*, 613 F.3d 559, 565–66 (5th Cir. 2010) (quoting *St. Tammany Par., ex rel. Davis v. Fed. Emergency Mgmt. Agency*, 556 F.3d 307, 315 (5th Cir. 2009)). "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction." *Ramming*, 281 F.3d at 161. When a court determines that it does not have subject matter over an action, the action is dismissed without prejudice. *See, e.g., id.*; *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977).

### III.  ANALYSIS

Under the *Rooker-Feldman* doctrine, "federal district courts lack jurisdiction to entertain collateral attacks on state court judgments." *Liedtke v. State Bar of Tex.*, 18 F.3d 315, 317 (5th Cir. 1994). If a state court errs in judgment, the judgment must be "reviewed and corrected by the appropriate state appellate court. Thereafter, recourse at the federal level is limited solely to an application for a writ of certiorari to the United States Supreme Court." *Id.* (citations omitted).

"The casting of a complaint in the form of a civil rights action cannot circumvent this rule, as absent a specific delegation[,] federal district courts . . . lack appellate jurisdiction to review, modify, or nullify final orders of state courts." *Id.* (cleaned up). When a civil rights lawsuit "is 'inextricably intertwined' with a state-court judgment such that the suit is, essentially, an attack on that judgment, district

4

courts lack original jurisdiction over the suit." *Batista v. Carter*, 796 F. App'x 209, 210 (5th Cir. 2020) (citing *Liedtke*, 18 F.3d at 317–18).

Seeking an order "vacating" the state-court orders regarding child support and custody, plaintiff asks this Court to review and reject the state-court orders, in direct contravention of the *Rooker-Feldman* doctrine. *Batista*, 796 F. App'x at 210; *see also, e.g.*, *Falkenhorst v. Harris Cnty. Childs. Protective Servs.*, 711 F. App'x 228 (5th Cir. 2018) (per curiam) (*Rooker-Feldman* doctrine barred plaintiff-appellant's lawsuit challenging a state court's termination of his parental rights); *Moore v. Whitman*, 742 F. App'x 829, 831–32 (5th Cir. 2018) (*Rooker-Feldman* barred action in which plaintiff-appellant sought damages and an injunction halting the adoption of her niece, which had been authorized through a state court judgment). Therefore, the Court concludes that Pittman's claims are barred by the *Rooker-Feldman* doctrine.[12]

Because plaintiff seeks the above-described relief as to both the 22nd JDC and the Louisiana Department of Revenue Office of Child Support, the Court concludes that it lacks subject matter jurisdiction over the instant action in its entirety. The Court will therefore dismiss plaintiff's claims as to both defendants. *See Carver v. Atwood*, 18 F.4th 494, 497 (5th Cir. 2021) (courts may dismiss an action *sua sponte*

---

[12] Pittman's opposition does not provide a basis for finding otherwise. The opposition references certain portions of the Universal Declaration of Human Rights and the Convention on the Prevention and Punishment of the Crime of Genocide, as well as the fact that the United States is a member of the United Nations Human Rights Council. R. Doc. No. 12. These references do not change the fact that Pittman requests that this Court review and reject state-court decisions in violation of the *Rooker-Feldman* doctrine.

for lack of subject matter jurisdiction).[13] Accordingly,

**IT IS ORDERED** that the motion to dismiss is **GRANTED** and plaintiff's claims as to the 22nd Judicial District Court, St. Tammany Parish are **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that plaintiff's claims as to the Louisiana Department of Revenue Office of Child Support are **DISMISSED WITHOUT PREJUDICE**.

New Orleans, Louisiana, January 4, 2023.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

[13] Because the Court concludes that plaintiff's claims are barred by the *Rooker-Feldman* doctrine, it does not reach defendants' arguments pertaining to the Eleventh Amendment, whether the 22nd JDC is a "person" within the meaning of 42 U.S.C. § 1983, and the *Younger* abstention doctrine. The Court notes that the 22nd JDC "is not an entity with juridical capacity, *i.e.* a suable entity, under Louisiana law[.]" *Bourgeois v. Louisiana*, No. 21-2127, 2022 WL 1547843, at *5 (E.D. La. Apr. 26, 2022) (Currault, M.J.), *report and recommendation adopted*, 2022 WL 1540602 (E.D. La. May 16, 2022) (Lemelle, J.); *accord Griffith v. Louisiana*, 808 F. Supp. 2d 926, 934 (E.D. La. 2011) (Berrigan, J.) ("District courts within the Eastern District of Louisiana have consistently held that Louisiana state courts are not juridical persons capable of being sued.").